CREIGHTON UNIVERSITY, APPELLANT, V. CITY OF OMAHA,
APPELLEE.

FILED MAY 29, 1912.   No. 16,701.

Municipal Corporations: GRADING STREETS: DAMAGES: APPEAL. Section 213, ch. 12a, Comp. St. 1909, commonly called the Omaha charter, prescribes the method of taking appeals from the action of the city council in awarding damages to property owners, caused by the grading of streets in said city, and a compliance with the provision that a petition be filed in the district court within 30 days after the final order of the council assessing damages is necessary to the taking of an appeal.

APPEAL from the district court for · Douglas county: WILLIAM A. REDICK, JUDGE.  *Affirmed.*

*T. J. Mahoney* and *J. A. C. Kennedy,* for appellant.

*John A. Rine, W. C. Lambert* and *Clinton Brome,.* contra.

REESE, C. J.

The following facts are shown by the transcript in this cause:  On the 4th day of August, 1908, the city council of the city of Omaha passed an ordinance "establishing the grade of Twenty-fourth street from Burt street to Cass street in the city of Omaha."  For the purpose of the decision of the question presented, it is not deemed necessary to notice the provisions of the ordinance more than to say that by it the grade of Twenty-fourth street within the points named appears to have been duly established; the ordinance taking immediate effect.  On the 16th day of March, 1909, another ordinance was passed, and later approved, declaring the necessity of grading Twenty-fourth street from Burt street to Cass street, and . appointing three members of the city council appraisers to assess and determine the damages, if any, to the property owners which might be caused by such grading, the city to pay one-half the cost and expense thereof.  By the

ordinance three members were named as such appraisers to appraise, assess and determine the damages to property owners which might be caused by the grading of the street. It was provided that the ordinance should take effect upon its passage. Presumably on the 26th day of April, 1909 (although the date of filing is not shown), plaintiff presented to the committee on appraisal of damages its claim for damages in the sum of $22,800, the items of which are set out in the claim. On May 18, 1909, the city council met in regular session, when the committee on appraisal of damages to plaintiff's property made its report assessing the damages at $700, remaining in session one hour at the time of making the assessment. There is no showing in the record that any notice of this meeting of the committee or what its action had been or would be was given to plaintiff. The report was immediately approved by the council. On May 25, 1909, the council was again in session, when the mayor reported that he had approved the report of the committee. June 2, 1909, an appeal bond was filed and approved by the city clerk. June 8, 1909 (presumably), a notice of appeal was given the mayor and council and city clerk, although we find no evidence of its service. It is probable that no such notice was necessary. A transcript of the proceedings of the council was prepared by the city clerk, dated June 10, 1909, and filed in the office of the clerk of the district court on the same day. On the 2d day of July of the same year defendant (city of Omaha) filed in the district court its motion to dismiss the appeal, and objecting to the jurisdiction of the court upon the ground that "no petition was filed as required by section 213 of the city charter of the city of Omaha." On the 2d day of December, 1909, plaintiff filed its petition. On the 26th day of March, 1910, the motion to dismiss was sustained, and the appeal dismissed. Plaintiff appeals.

The cause has been elaborately briefed on both sides. But, as we view the question presented, it is not difficult of solution. The cause turns upon the provisions of sec-

tions 212 and 213 of the Omaha charter in force in 1909 (Comp. St. 1909, ch. 12a). Section 212 need not be here copied, as, so far as it relates to the subject before us, it simply gives the right of appeal in cases of this kind. Section 213 is as follows: "Whenever the right of appeal is conferred by this act, the procedure unless otherwise provided shall be substantially as follows: The claimant or appellant shall, within twenty days from the date of the order complained of, execute a bond to such city with sufficient surety to be approved by the clerk, conditioned for the faithful prosecution of such appeal and the payment of all costs adjudged against the appellant. Said bond shall be filed in the office of the city clerk. It shall be the duty of the city clerk, on payment or tender to him of the cost of the transcript, at the rate of ten cents per hundred words, to prepare a complete transcript of the proceedings of the city relating to their decision thereon. It shall be the duty of the claimant or appellant to file a petition in the district court as in the commencement of an action within thirty days from date of the order or award appealed from, and he shall also file such transcript before answer day. The proceedings of the district court shall thereafter be the same as on appeal from the county board. Any taxpayer may appeal from the allowance of any claim against the city by giving a bond and complying with the foregoing provisions. Provided, that the foregoing provisions shall not be so construed as to prevent the city council from once reconsidering their action on any claim or award upon ten days' notice to the parties interested."

The inquiry arises as to what step it is that is to be taken by an appellant in order to confer jurisdiction upon the district court? We take it as not to be questioned that the jurisdiction is obtained by the filing of some pleading or process therein. As appears therein, the section under consideration provides: "It shall be the duty of the claimant or appellant to file a petition in the district court as in the commencement of an action within

thirty days from date of the order or award appealed from," and he shall file the transcript before answer day. Thereafter the proceedings shall be the same as appeals from the county board. This provides a departure from the law of ordinary appeals. It is not the filing of the transcript that gives jurisdiction, for it may be filed at any time before answer day. The petition is the first filing to be made and that must be filed within the 30 days named. Until that is done the case is not in court nor within its jurisdiction. This seems to be the plain provision of the section. It is within the power of the legislature to make the change from the usual course of procedure. The provision is a special one, probably enacted for the purpose of expediting the settlement of questions which may arise in the matter of grading and paving streets. We can see no way of escape from its direction.

Our attention is called to the use of the word "substantially" near the beginning of the. section. We are unable to see how it can be construed to mean that the requirement that the petition shall be filed in the district court within 30 days after the order of the council, which was made on the 18th day of May, could be even substantially complied with by filing the petition on the 2d day of the following December. True, the transcript was filed within the 30 days, but we are unable to see how that could aid plaintiff.

Defendant insists that preliminary to an appeal in any case of this kind a written protest should be filed by an abutting lot owner before the adoption of the report of the appraisement of damages, as provided by section 116 of the charter. As we have seen, the report of the committee was presented to and adopted by the. council at the same meeting, and, so far as appears, in the absence of all notice to or knowledge of plaintiff. We refuse to consider that question. The ordinary rules of common fairness appear to have been grossly violated by the action of the council, and, if it is to be held that the right of appeal may be cut off in that way, it must be in some other case, not in this.

Upon the sole ground that the law requires the filing of a petition to be the first and jurisdictional act within the 30 days prescribed, and the petition was not so filed, the judgment of the district court dismissing the appeal must be, and is,

AFFIRMED.

LETTON, J., not sitting.

FAWCETT, J., concurring.

To hold as contended for by plaintiff would be to hold that the filing of the transcript is what gives the district court jurisdiction. I think that ought to have been the law, but it is not; and the fact that this method of taking an appeal to the district court stands alone in our statutes cuts no figure, as it is clearly within the power of the legislature to provide a different course of procedure in one class of cases from that provided in others. Now, what is the meaning of section 213, which, after providing that the appellant shall within 20 days execute a bond to the city, conditioned for the faithful prosecution of the appeal, and file the bond with the city clerk, and that it shall be the duty of the city clerk to prepare a transcript, further provides: "It shall be the duty of the claimant or appellant to file a petition in the district court *as in the commencement of an action* within thirty days from date of the order or award appealed from, and he shall also file such transcript *before answer day?*" (The italics are mine.) To my mind, it is clear that by this statute the filing of the petition is the commencement of the action in the district court; or, if you choose to put it in another way, the institution of the appeal in that court. If the legislature had intended that the filing of the transcript should constitute the institution of the appeal in the district court, it would have reversed the order of filing the petition and transcript, and would have provided within what time *after* the filing of the transcript the petition should be filed. If the filing of the petition is not the commencement of the appellate proceeding in the district

court, then how are you going to determine when the transcript should be filed? The statute says it must be filed before answer day. What fixes the answer day? The petition, of course, as there is nothing to answer until a petition is filed.

The provision in section 213 reads: "It shall be the duty of the claimant or appellant to file a petition," etc. To my mind that is the same as if it had read: "The claimant or appellant shall file a petition in the district court," etc. In other words, where the statute says it *shall be* the *duty* of the appellant to do a certain thing, it is the same as if it had said, he *shall do* that thing.

It is urged that section 116 is the one which permits an appeal. It does permit appeals but it does not prescribe the procedure. Section 212 also permits appeals, but it too fails to prescribe the procedure. Then comes section 213 and prescribes the procedure under both sections. It provides: "Whenever the right of appeal is conferred by this act, the procedure unless otherwise provided shall be substantially as follows." The words, "unless otherwise provided," must in reason be held to mean, unless otherwise provided in this act.

I dislike very much to prevent a hearing of this case upon its merits, and would be glad if I could see my way clear to sustain plaintiff's contention, but it cannot be done without distinctly and definitely amending section 213. This we have no right to do.

SEDGWICK, J., dissenting.

It appears that the plaintiff executed its bond for appeal which was duly approved and filed, and also procured a transcript and filed the same in the district court, all within the 30 days. It failed to file a petition within the 30 days, and for this reason the appeal was dismissed. We ought not to keep a party out of court upon a technical objection if he has in good faith substantially complied with the statute. The opinion in this case is placed en-

tirely upon the section of the statute, which is 213 of the Omaha charter (Comp. St. 1909, ch. 12a). This section purports to provide the proceedings in the case of appeals. It says that the claimant or appellant *shall* execute a bond, etc., within 20 days. The bond must be approved by the city clerk and *shall* be filed in his office. Then it is the *duty* of the city clerk to make a transcript, and it is the *duty* of the appellant to file a petition in the district court, and he *shall* also file a transcript. The question is, what constitutes the appeal? Of course, it is not the duty of anybody to appeal, that is optional; but, after one has appealed, then it is his duty to file pleadings, and it seems to me that in providing that it would be the duty of the appellant to file a petition within the 30 days it is assumed that the appeal is taken by the other proceedings. If he wants to take an appeal he *shall* give the bond, have it approved, and *shall* file a transcript. If it is his duty to file a petition, that cannot be a necessary part of the appeal, because it is not the duty or any part of the duty of anybody to appeal from a decision, so I conclude that the statute intends that he has taken his appeal by other steps, and that, the case being appealed, it is his duty to file his pleadings. If filing the petition in the district court is taking an appeal to the district court, it is a novelty, no other such instance being found in our statute. There are, however, many instances of taking an appeal by filing a bond in the trial court, taking a transcript and filing it in the district court. The question is difficult; it is a peculiar statute. The appellant has given the bond and filed the transcript within time. We therefore should construe the statute so as to allow a hearing upon the merits rather than to defeat the action upon a technicality.

HAMER, J., concurs in this dissent.